IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBBIE O. ROBINSON,

Plaintiff,

v.

WHOLE FOODS MARKET, INC.
and EQUAL OPPORTUNITY
EMPLOYMENT COMMISSION,

Defendants.

Case No. 3:26-cv-00545-AB
3:26-cv-01552-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Robbie O. Robinson, proceeding *in forma pauperis*, brings this suit against

Defendants Whole Foods Market, Inc. and the Equal Employment Opportunity Commission

("EEOC"). Second Am. Compl. ("SAC"), ECF No. 36. The Court screens Plaintiff's pleading

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismisses for failure to state a claim. The Court

further severs this case by defendant; Plaintiff may file an amended pleading against each

defendant as explained in the Conclusion.

1 – OPINION & ORDER

**BACKGROUND**

Plaintiff commenced this case by filing an application for leave to proceed *in forma pauperis*, IFP Appl., ECF No. 1, and a Complaint alleging employment claims against Defendant Whole Foods Market, Compl., ECF No. 2. Specifically, Plaintiff brought claims against Defendant Whole Foods Market under Title VII, 42 U.S.C. § 2000e, and the Equal Pay Act, 29 U.S.C. § 206(d). Compl. 3. Plaintiff alleged Defendant Whole Foods Market "paid Plaintiff less than others performing similar work" and that after "Plaintiff raised concerns . . . Defendant responded with adverse actions [such as] Racial disparity, Compensation discrimination, [and] hostile work environment . . . ." *Id.* at 4.

The Court granted Plaintiff leave to proceed *in forma pauperis*. IFP Order, ECF No. 6. In so doing, the Court screened Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and found Plaintiff stated a claim on which relief may be granted against Defendant Whole Foods Market. In the Court's IFP Order, the Court informed Plaintiff that Plaintiff must "[p]repare an original summons for each defendant and submit it to the Clerk of Court for issuance[.]" *Id.* The IFP Order also informed Plaintiff of two ways to complete service: (1) complete U.S. Marshals Service Form 285 (USM 285) and submit it to the Clerk of Court, or (2) "choose to complete service pursuant to Fed. R. Civ. P. 4 without the aid of the U.S. Marshals Service." *Id.*

Plaintiff did not submit summons nor complete service. Instead, Plaintiff filed an Amended Complaint. Am. Compl., ECF No. 12. In the Amended Complaint, Plaintiff named Whole Foods Market and "EEOC Field Office Personnel" as Defendants. *Id.* at 1. Plaintiff alleged neither any facts nor any claims against Defendant Whole Foods Market in the Amended Complaint. Plaintiff alleged against Defendant EEOC Field Office Personnel that "Plaintiff submitted a [Freedom of Information Act ("FOIA")] request[,]" "the EEOC issued a

2 – OPINION & ORDER

determination administratively closing the request as a 'duplicate request[,]'" the EEOC "[f]ailed to produce responsive records[,]" and the EEOC "[r]edirected the request to a separate FOIA number without resolution." *Id.* at 1–2. Plaintiff brought against Defendant EEOC Field Office Personnel four counts alleging violations of: (1) FOIA, 5 U.S.C. § 552(a); (2) the Administrative Procedure Act ("APA"), 5 U.S.C. § 706; (3) Plaintiff's Fifth Amendment due process rights; and (4) Plaintiff's "equal protection/civil rights[.]" *Id.* at 2–3.

The Court screened Plaintiff's Amended Complaint and found Plaintiff failed to state a claim on which relief could be granted. Opinion & Order, ECF No. 35.[1] First, with respect to Defendant Whole Foods, the Court found Plaintiff did not allege any facts or claims against Defendant Whole Foods in the Amended Complaint. *Id.* at 5. Second, with respect to Defendant EEOC Field Office Personnel, the Court found all of Plaintiff's claims were derivative of the FOIA claim, that Plaintiff failed to allege exhaustion of administrative remedies, and that "Field Office Personnel" was not a proper FOIA defendant. *Id.* at 5–6. The Court also explained that "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . . ." *Id.* at 7 (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)). The Court granted Plaintiff leave to amend. *Id.*

Plaintiff timely filed a Second Amended Complaint in which he "alleges employment discrimination, retaliation, Equal Pay Act violations, FOIA violations, APA unreasonable delay, and constitutional due process violations." SAC 1. Plaintiff names as Defendants Whole Foods Market and the EEOC. *Id.*

//

//

---

[1] Also available as *Robinson v. Whole Foods Mkt., Inc. and EEOC Field Office Pers.*, No. 3:26-cv-00545-AB, 2026 WL 1662384 (D. Or. June 9, 2026).

**STANDARDS**

The Court may dismiss a complaint filed *in forma pauperis* if the court determines that the action "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts, however, must construe pro se filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A pro se complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam) (citation omitted).

**DISCUSSION**

The Court first addresses Plaintiff's claims against Defendant EEOC and finds Plaintiff has not sufficiently pleaded exhaustion of administrative remedies and thus fails to state a claim against Defendant EEOC. The Court then turns to Plaintiff's claims against Defendant Whole Foods Market and finds Plaintiff also fails to state a claim. Finally, the Court addresses joinder of the parties and severs the case by Defendant. The Court grants Plaintiff leave to amend.

4 – OPINION & ORDER

## I.     Defendant EEOC

In the Second Amended Complaint, Plaintiff alleges against Defendant EEOC "FOIA violations, APA unreasonable delay, and constitutional due process violations." SAC 1.[2] Plaintiff alleges that he "submitted FOIA Requests 550-2026-006834 and 550-2026-006927" and "filed FOIA Appeals 820-2026-000347A and 820-2026-000356A." *Id.* Plaintiff also attached an "Exhibit Bundle" to the Second Amended Complaint in which he references Exhibits A through F. Pl.'s Ex. Bundle, ECF No. 36-1. However, there are no exhibits attached; the Exhibit Bundle consists of one page. *Id.*

As the Court noted in its previous Opinion and Order, "[e]xhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review." Op. & Order 5 (quoting *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986)). Exhaustion means "either actually exhausted by a final denial of the request, or constructively exhausted by expiration of a time limit FOIA imposes on an agency response." *Tribe v. Bureau of Land Mgmt.*, No. 2:04-CV-0956-JAM-JFM, 2013 WL 12057469, at *11 (E.D. Cal. July 30, 2013), *rev'd on other grounds sub nom.*, *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147 (9th Cir. 2015).

While the Court previously did not consider material outside the pleadings when assessing the sufficiency of Plaintiff's Amended Complaint, Op. & Order 6–7, in light of (1) Plaintiff's pro se status, (2) Plaintiff's new pleading of specific FOIA appeal numbers, and (3) the need to expedite this proceeding, the Court has reviewed Plaintiff's myriad supplemental filings and summarizes what it can understand from the entire record before it [3]:

---

[2] Plaintiff does not differentiate allegations by defendant; this is the Court's impression.
[3] For efficiency and brevity purposes, in this section the Court uses ECF numbers and pagination to cite documents. For clarity, the Court does not use *id.* in this section.

FOIA Request 550-2026-006834 and Appeals 820-2026-000274A, 820-2026-000304A, and 820-2026-000347A

- On March 17, 2026, the EEOC received a FOIA request from Plaintiff and designated it Request 550-2026-006834.[4] ECF No. 15, at 3.
- On April 7, 2026, the EEOC denied Plaintiff's FOIA Request 006834. ECF No. 15, at 3–5. The denial letter stated that "[t]his FOIA request is administratively closed—duplicate request. The documents will be delivered under [Request 006927]." ECF No. 15, at 5.
- On April 10, 2026, Plaintiff appealed the denial of Request 006834. ECF No. 15, at 6–10.
- On April 17, 2026, the EEOC received the appeal of Request 006834 and assigned Appeal Number 820-2026-000274A. ECF No. 15, at 50.
- On April 27, 2026, Plaintiff reports that the EEOC closed the appeal of Request 006834 for administrative reasons because the appeal was unperfected. ECF No. 16, at 1. The Court presumes this is in reference to Appeal Number 000274A. Plaintiff stated that he submitted a "Corrected and Perfected FOIA Administrative Appeal[.]" ECF No. 16, at 2.
- On May 1, 2026, Plaintiff reports with respect to the appeal of Request 006834 that the EEOC issued "procedural closures" including an "'unperfected request' closure[.]" ECF No. 22, at 1. Plaintiff reports that he "submitted a perfected appeal" which was assigned Appeal Number 820-2026-000304A. ECF No. 22, at 1.
- On May 30, 2026, Plaintiff reports that the prior appeals of Request 006834 "were closed for procedural reasons, specifically the absence of a District Director determination letter." ECF No. 33, at 1. Plaintiff again appealed Request 006384, "curing the previously identified procedural deficiency[.]" ECF No. 33, at 2. This May 30, 2026 appeal was assigned Appeal Number 820-2026-000347A. ECF No. 33, at 2. Plaintiff reports that the EEOC established a response deadline of June 30, 2026. ECF No. 33 at 2.

FOIA Request 550-2026-008100

- It is unclear when Plaintiff submitted FOIA Request 008100, but on May 1, 2026, Plaintiff reports that the EEOC found the request "unperfected" and administratively closed the request. ECF No. 21, at 1. There is no further mention of Request 008100.

FOIA Request 550-2026-006927 and Appeal 820-2026-000356A

- It is unclear when Plaintiff submitted FOIA Request 006927, but on April 14, 2026, the EEOC closed FOIA Request 006927. ECF No. 15, at 31.
- On June 5, 2026, the EEOC received Plaintiff's appeal of Request 006927 and assigned Appeal Number 820-2026-000356A. ECF No. 34-1, at 1. The letter states that the due date is July 7, 2026. ECF 34-1, at 1.

---

[4] The Court uses the final set of numbers as shorthand, *e.g.*, "Request 006834."

6 – OPINION & ORDER

\* \* \*

From this record, the Court has reason to believe that Plaintiff is close to showing exhaustion of administrative appeals but that Plaintiff has not fully exhausted because there are outstanding appeals. Plaintiff alleges exhaustion with respect to Appeals 820-2026-000347A and 820-2026-000356A. SAC 1. Plaintiff does not provide a final denial from the EEOC on either appeal. For Appeal 000347A, Plaintiff reports that the EEOC established a response deadline of June 30, 2026. For Appeal 000365A, Plaintiff reports that the EEOC established a response deadline of July 7, 2026. Both of those dates fall after Plaintiff filed the Second Amended Complaint on June 18, 2026. Moreover, and perhaps more importantly, Plaintiff must allege exhaustion in the complaint. In other words, the Court (and ultimately a defendant) should not need to sift through exhibits to find dates of final decisions on appeal.

The Court grants Plaintiff leave to amend because it appears possible that Plaintiff has, in the period since filing the Second Amended Complaint, obtained final denials. In Plaintiff's amended pleading against the EEOC for FOIA and FOIA-related claims, Plaintiff is instructed to (1) allege, in a short and plain statement, the date on which the EEOC issued a final appeal decision on the FOIA Request(s) that form the basis of Plaintiff's claims; (2) allege what the final decision was or provide the final decision as an exhibit; (3) ensure that any exhibits are in fact included in the filing; and (4) reference those exhibits in the complaint for the relevant proposition, *e.g.*, "the EEOC issued a final decision on Plaintiff's Appeal Number 123, see Ex. XYZ."

//

//

//

7 – OPINION & ORDER

## II.    Defendant Whole Foods Market

Plaintiff alleges in the Second Amended Complaint that "Plaintiff engaged in protected activity and suffered adverse employment actions." SAC 1. This is the only allegation in the Second Amended Complaint with respect to Defendant Whole Foods.[5]

To state a claim under Title VII, 42 U.S.C. § 2000e, a plaintiff must allege:

> (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.

*Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (quoting *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)). To state a claim under the Equal Pay Act, 29 U.S.C. § 206(d), "the plaintiff has the burden of establishing a prima facie case of discrimination by showing that employees of the opposite sex were paid different wages for equal work." *Freyd v. Univ. of Or.*, 990 F.3d 1211, 1219 (9th Cir. 2021) (quoting *Stanley v. Univ. S. Cal.*, 178 F. 3d 1069, 1073–74 (9th Cir. 1999)).

The Court reiterates that it found Plaintiff's allegations in the initial Complaint stated a claim against Defendant Whole Foods. *See* Op. & Order 2. In that initial Complaint, Plaintiff alleged that:

> 1. [Plaintiff] was employed by [Defendant] Whole Foods Market, Inc., performing duties equivalent to similarly situated employees. 2. Defendant paid Plaintiff less than others performing similar work without justification, causing lost wages and financial harm. 3. Plaintiff raised concerns on [}; [sic] Defendant responded with adverse actions [Racial disparity, Compensation discrimination, hostile work environment], causing emotional distress and professional harm. 4. Defendant failed to provide adequate explanation to EEOC during the investigation. 5. These actions directly harmed Plaintiff, including financial, emotional, and career impacts.

---

[5] As the Court previously noted, *supra* note 2, Plaintiff does not differentiate which of his allegations are against Defendant Whole Foods; this represents the Court's best understanding.

Compl. 4. The Court, liberally construing pro se Plaintiff's allegations, found Plaintiff to state a claim under Title VII and the Equal Pay Act. Op. & Order 2. In contrast, both the Amended Complaint and Second Amended Complaint have failed to state a claim against Defendant Whole Foods because they have failed to allege foundational facts. For example, in the Second Amended Complaint, Plaintiff has failed to allege that he was an employee of Defendant Whole Foods or reference comparator employees.

"It is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927–28 (9th Cir. 2012)). "In other words, 'the original pleading no longer performs any function . . . .'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). Put differently, the Court cannot rely on allegations made in the initial Complaint to determine whether Plaintiff has stated a claim in the Second Amended Complaint; a complaint must stand on its own. The Court grants Plaintiff leave to amend to state a claim in accordance with the above requirements.

## III.   Misjoinder of Defendants

Plaintiff initially brought this action only against Defendant Whole Foods. *See generally* Compl. In Plaintiff's Amended Complaint, Plaintiff made allegations against Defendant EEOC, but made no allegations against Defendant Whole Foods. *See generally* Am. Compl. In the Second Amended Complaint now before the Court, Plaintiff has alleged facts and claims against both Defendants. SAC 1. Thus, the Court now addresses whether these are properly joined defendants.

9 – OPINION & ORDER

Federal Rule of Civil Procedure 20 allows a plaintiff to join persons in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Under Rule 21, "[o]n a motion or on its own, the court may at any time, on just terms, add or drop a [misjoined] party." Fed. R. Civ. P. 21. District courts are vested with "broad discretion" in deciding whether to grant severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000).

Here, the Court finds the Defendants are misjoined. Although the Court has found Plaintiff has not stated a claim with respect to either Defendant, the Court has a sense of Plaintiff's claims—employment claims against Defendant Whole Foods and FOIA and FOIA-derivative claims against Defendant EEOC. *See generally* Compl.; Am. Compl.; SAC. First, the relief asserted against Defendant Whole Foods and the relief asserted against Defendant EEOC do not arise out of the same transaction or occurrence. The relief asserted against Defendant Whole Foods arises from Plaintiff's employment with Whole Foods. In contrast, the relief asserted against Defendant EEOC arises from Plaintiff's FOIA requests. These are not the same transactions or occurrences. Second, there is no common question of law or fact. The claims against Defendant Whole Foods are grounded in employment discrimination law and arise from Plaintiff's employment. The claims against Defendant EEOC are grounded in FOIA as well as administrative and constitutional law and arise from Plaintiff's FOIA proceedings. That Plaintiff's FOIA request seeks documents related to the EEOC discrimination charge against Defendant Whole Foods is not the relevant metric; the law and facts remain unrelated.

10 – OPINION & ORDER

Either finding alone—that the right to relief arises from different transactions and occurrences or that there is no common question of law and fact—is sufficient to sever. *See* Fed. R. Civ. P. 20(a)(2) (providing for conjunctive test). Thus, the Court finds these Defendants misjoined and, pursuant to Rule 21, severs the Defendants.[6] The Court has directed the Clerk of Court to open a new case and for Plaintiff to proceed against the defendants separately, as further explained in the Conclusion.

## CONCLUSION

The Court DISMISSES Plaintiff's Second Amended Complaint [36] against Defendant Whole Foods Market and Defendant EEOC for failure to state a claim. The Court also SEVERS the Defendants under Federal Rule of Civil Procedure 21. The Court has directed the Clerk of Court to open a new case with a separate case number assigned to the undersigned; the new case is 3:26-cv-01552-AB. The Clerk has copied the contents of the docket of the original case, 3:26-cv-00545-AB, into the new case such that they are identical dockets. The Court has terminated Defendant Whole Foods in 3:26-cv-00545-AB and has terminated Defendant EEOC in 3:26-cv-01552-AB such that each defendant is only named in one case.

If Plaintiff chooses to continue against Defendant Whole Foods Market, Plaintiff shall file a Third Amended Complaint alleging Plaintiff's claims against Defendant Whole Foods Market in case 3:26-cv-01552-AB within thirty (30) days of the date of this Opinion and Order. If Plaintiff chooses to continue against Defendant EEOC, Plaintiff shall file a Third Amended Complaint alleging Plaintiff's claims against Defendant EEOC in case 3:26-cv-00545-AB within

---

[6] To be clear, the Court does not dismiss any action for misjoinder. The Court dismisses Plaintiff's SAC for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.").

thirty (30) days of the date of this Opinion and Order. In any future pleadings, Plaintiff is directed to use paragraph numbering pursuant to Federal Rule of Civil Procedure 10(b).

All pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this __28th__ day of July, 2026.

_____
AMY M. BAGGIO
United States District Judge

12 – OPINION & ORDER